UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEANNIE SNOW,

    Plaintiff,

v.                                      Case No. 8:24-cv-2592-TPB-SPF

ADVANCED AUTO PARTS,

    Defendant.
_____/

**ORDER DISMISSING WITHOUT PREJUDICE COMPLAINT**

This matter is before the Court *sua sponte* on Plaintiff Jeannie Snow's pro se complaint. (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

In her "complaint," which was sent to the Court in the form of correspondence, Plaintiff asserts that she was an employee of Advance Auto Parts in St. Petersburg, Florida, and that the general managers had "very tricky and nasty ways interactions with certain employees," including herself. She refers vaguely to "sarcastic implies, intentional rude remarks, verbal outburst, criticizing scornfulness upon certain employee," although it is unclear if she is referring to herself as the employee. She appears to allege that she was a witness to another employee's termination before Plaintiff was herself terminated.

The Court has undertaken a review of the complaint and finds that the complaint fails to comply with the Federal Rules of Civil Procedure and Local Rules

of this Court. First, Rule 10(b) of the Federal Rules of Civil Procedure provides that a party's claims must be stated in separately numbered paragraphs, although earlier paragraphs may be incorporated by reference. The rule implicitly contemplates a single, sequential numbering of paragraphs. Plaintiff's complaint does not follow the requirement of separately numbered paragraphs – she has no numbered paragraphs. Each statement or sentence of the complaint should essentially be set out in a separately numbered paragraph to permit Defendant to admit or deny the allegation.

Second, Plaintiff does not set forth any causes of action in her complaint. She must plead her complaint in separate claims for relief and include no more than one claim for relief in each count of her complaint. Above each count, in the form of a title or heading, she must name the claim for relief that the count alleges and whether the claim is based on federal or state law. For instance, if asserting a hostile work environment claim based on retaliation, she should list as a heading "Count One – Hostile Work Environment," and include below it, in separately numbered paragraphs, the facts necessary to establish each element of the claim.

Perhaps most importantly, the complaint is also not a short, plain statement of the facts that would provide adequate notice to a defendant of the claims against it. The complaint is vague as to the parties and persons involved, the events that occurred, and the relevant dates. As drafted, the complaint is largely incoherent since Plaintiff fails to specifically state who retaliated and/or discriminated against her and how, and how the alleged conduct harmed her. To be clear, in an amended

complaint, Plaintiff must plead *facts* that show 1) who retaliated or discriminated against her, 2) what those people did that could be considered retaliation or discrimination – that is, what adverse actions were taken against Plaintiff; 3) more specific dates of events, particularly if Plaintiff relies on temporal proximity to support any of her claims; and 4) how the alleged conduct harmed her.  In addition, Plaintiff must take care to plead facts to support each of her individual claims.[1]  For instance, if she is asserting a claim based on a hostile work environment based on a claim that Defendant created a hostile work environment to retaliate against her for some reason, she must plead facts to support each element of the claim, including identification of protected conduct that she engaged in under Title VII.

Because the complaint is facially insufficient and woefully inadequate, it is dismissed without prejudice, with leave to amend.  Plaintiff is advised that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If she is unable to afford counsel, she should consider the resources available to pro se litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist pro se litigants proceeding in federal court, which is located on the Court's website.

---

[1] These facts should be set out in separately numbered paragraphs either as part of each individual claim, or they may be incorporated into each individual count by reference to earlier stated facts.

Finally, if Plaintiff chooses to proceed by filing an amended complaint, Plaintiff must either: (1) pay the filing fee or (2) file a motion to proceed in forma pauperis (that is, without costs). She must do so at the time she files an amended complaint, or this case will be dismissed without prejudice without further notice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend to cure the defects identified in this Order.

2. Plaintiff is directed to file an amended complaint on or before November 29, 2024. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

3. If Plaintiff files an amended complaint, she is directed to either (1) pay the filing fee or (2) file a motion to proceed without costs at the time she files the amended complaint. Failure to do so will result in the dismissal of this case without prejudice without further notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>8th</u> day of November, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE